UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. FANNING, as Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>PERMANENT SOLUTION INDUSTRIES, INC.,<br><br>　　Defendant. | Civil Action No. 08-1124 (CKK) |

MEMORANDUM OPINION
(April 20, 2009)

　　Plaintiff Michael R. Fanning, in his official capacity as Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter, "Plaintiff" or the "Fund"), filed a Complaint in this case against Defendant Permanent Solution Industries, Inc. (hereinafter, "PSI"), on June 30, 2008, alleging that PSI failed to pay to the Fund the proper amount of contributions owed under the relevant Collective Bargaining Agreements. *See* Compl., Docket No. [1]. Although properly and timely served with the Complaint and Summons, PSI failed to respond to the Complaint, and the Clerk of the Court, upon motion by the Fund, entered default against PSI on October 28, 2008. *See* Clerk's Entry of Default, Docket No. [8]. Presently before the Court is the Fund's [8] Motion for Default Judgment. Having thoroughly considered the Fund's submissions, including the Fund's supplemental briefing as requested by the Court, the attachments thereto, applicable case law, statutory authority, and the record of the case as a whole, the Court shall GRANT the Fund's [8]

Motion for Default Judgment, for the reasons stated below.

### I. BACKGROUND

The Fund filed the Complaint in the above-captioned matter on June 30, 2008. *See* Compl. As set forth in the Complaint, the Fund asserts that PSI is bound through its collective bargaining agreements with the International Union of Operating Engineers Local No. 99 and other related agreements to pay the Fund certain sums of money for each hour worked by employees of PSI performing work covered by the relevant agreements. *Id.* ¶¶ 6-10. Pursuant to the terms of those agreements, the Fund asserts that it is entitled to a monetary award in the amount of the unpaid contributions, liquidated damages, interest on the unpaid contributions, as well as costs, audit expenses and attorneys' fees. *Id.* ¶¶ 11-13.

As explained in the declaration of Michael R. Fanning, Chief Executive Officer of the Fund, the Fund is a defined benefit, multiemployer, employee pension benefit plan. Pl.'s Mot. for Def. J., Docket No. [8], Att. 3 (Declaration of Michael R. Fanning) (hereinafter "Fanning Decl."), ¶ 5. The Fund provides retirement, disability and survivor and death benefits to employees (and their beneficiaries) working as operating engineers in various industries throughout the United States. *Id.* ¶ 6. Contributions are made to the Fund by employers pursuant to the terms of various collective bargaining agreements entered into with Local Unions of the International Union of Operating Engineers. *Id.* ¶ 7. Signatory employers are required to make the contributions to the Fund on a self-reporting basis each month. *Id.* ¶ 8. PSI is one such signatory employer obligated to make contributions to the Fund under the terms of its collective bargaining agreement and the Fund's Restated Agreement and Declaration of Trust. *Id.* ¶¶ 9-10.

The collective bargaining agreements entered into by PSI provide that for every hour

worked by an employee performing work under the agreement, PSI is obligated to pay, in addition to wages, contributions to the Fund. *Id.* ¶ 11. Pursuant to a payroll audit conducted by Calibre CPA Group, LLC (hereinafter, "Calibre"), the Fund has determined that PSI owes delinquent contributions for the period of February 2005 through December 2006 in the amount of $139,913.61, and for the period of January 2007 through September 2008 in the amount of $140,331.25.[1] *Id.* ¶ 12; *see also* Pl.'s Mot. for Def. J., Att. 1 (Declaration of Patrice M. Clarke, Compliance Department Manager for Calibre CPA Group, PLLC ) (hereinafter "Clarke Decl."), ¶¶ 5, 8.

In addition to unpaid contributions, pursuant to Sections 4.5(b) and (c) of the Restated Agreement and Declaration of Trust, PSI owes liquidated damages at the rate of 15%[2] and interest on the unpaid contributions at the rate of 9% per annum from the date due until date paid respectively. Fanning Decl. ¶ 13; *see also* Ex. A to Fanning Decl. (Restated Agreement and Declaration of Trust) at §§ 4.5(b)-(c). Calibre has calculated that liquidated damages for the periods of February 2005 through December 2006 and January 2007 through September 2008 total $20,987.04 and $21,049.69 respectively. Clarke Decl. ¶¶ 6, 9. Calibre has also calculated that interest at the rate of 9% per annum from the date due until October 24, 2008 (the date of the Clarke Declaration), totals $33,129.02 and $15,773.59 for those respective time periods. *Id.* ¶¶

---

[1] The Fund indicates in its most recent supplemental filing that PSI has since made intermittent payments to the Fund to reduce the delinquency owed. Pl.'s Supp. Mem., Docket No. [9] at 3, n. 2. Specifically, PSI has made payments after the lawsuit was filed (between November 21, 2008 and March 3, 2009) totaling $157,755.25. *See id.*, Att. 1.

[2] Although Section 4.5(b) of the Restated Agreement and Declaration of Trust authorizes liquidated damages to be assessed at the rate of 20%, the Fund requests only 15% in the instant Motion for Default Judgment. *See* Pl.'s Supp. Mem. at 2, n. 1.

7, 10.

Finally, under Section 4.5(e) of the Restated Agreement and Declaration of Trust, PSI is obligated to pay to the Fund all costs, audit expenses, and attorneys' fees incurred by the Trustees in enforcing the parties' agreements. Fanning Decl. ¶ 14; *see also* Ex. A to Fanning Decl. (Restated Agreement and Declaration of Trust) at § 4.5(e). As set forth in the Declaration of R. Richard Hopp, counsel of record for the Fund, the Fund incurred legal costs in the amount of $445.00 and attorneys' fees in the amount of $1,440.00 in enforcing the terms of the parties' agreement. Pl.'s Mot. for Def. J., Att. 4 (Declaration of R. Richard Hopp) (hereinafter "Hopp Decl."), ¶¶ 4-5. In addition, the Fund incurred audit costs totaling $6,554.94. Clarke Decl., ¶ 11.

PSI was served with the Complaint and Summons on August 6, 2008, and was therefore required to respond by August 26, 2008. *See* Return of Service/Affidavit, Docket No. [2]. PSI failed to file an answer or otherwise respond to the Fund's Complaint, and the Fund subsequently moved for entry of default. *See* Pl.'s Mot. for Entry of Default, Docket No. [7]. On October 28, 2008, the Clerk of the Court entered default against PSI. *See* Clerk's Entry of Default, Docket No. [7]. The Fund subsequently filed the instant Motion for Default Judgment. *See* Pl.'s Mot. for Default J. Thereafter, as requested by the Court in a Minute Order dated April 15, 2009, the Fund filed a Supplemental Memorandum in Support of its Motion for Default Judgment. *See* Pl.'s Supp. Mem., Docket No. [9]. As of the date of this Order, PSI has not entered an appearance nor filed any pleadings in this case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). After a default has been entered by the clerk of the court, a court may enter a default judgment pursuant to Rule 55(b). FED. R. CIV. P. 55(b). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters and Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC,* 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters and Allied Trades Indus. Pension Fund v. R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (internal citation omitted). "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.* (citing *Adins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)). Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.* "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.*

### III. DISCUSSION

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall, LLC,* 531 F. Supp. 2d at 57 (internal quotation marks omitted). The Clerk of the Court entered PSI's default, and the factual allegations in the Complaint are therefore taken as true. *See R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d at 30. The Court finds that the Fund's Complaint sufficiently alleges facts to support

its claims. Accordingly, the Fund is entitled to default judgment as to PSI's liability for its failure to timely pay contributions to the Fund under the terms of PSI's collective bargaining agreement and related agreements.

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adkins*, 180 F. Supp. 2d at 17. Here, pursuant to the terms of the Restated Agreement and Declaration of Trust, PSI is obligated to pay to the: (a) the total amount of unpaid contributions still outstanding for the period of time from February 2005 through December 2006 as well as for the period of time from January 2007 through September 2008; (2) liquidated damages at the rate of 15%; (3) unpaid interest at the rate of 9% per annum; and (4) legal costs, attorneys' fees and audit costs. Mot. for Default J. ¶¶ 1-3; *see also* Ex. A to Fanning Decl. (Restated Agreement and Declaration of Trust) at § 4.5. In addition, pursuant to 29 U.S.C. § 1132(g)(2), the Fund is entitled to an award of: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) liquidated damages in an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A); (D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and (E) such other legal or equitable relief as the court deems appropriate.

As discussed above, the Fund filed the declarations of Fanning, Clarke and Hopp, in support of its Motion for Default Judgment. *See supra* pp. 2-4. Based on these declarations, the Court finds that the Fund has established damages in the amount of:

- $139,913.61 in unpaid contributions for the time period of February 2005 through December 2006 as well as $140,331.25 in unpaid contributions for the period of time from January 2007 through September 2008, minus $157,775.25 in payments PSI has recently made, for a total of **$122,469.61** in unpaid contributions;

- $20,987.04 in liquidated damages at a rate of 15% for the time period of February 2005 through December 2006 as well as $21,049.69 in liquidated damages at a rate of 15% for the period of time from January 2007 through September 2008, for a total of **$42,036.73** in liquidated damages;

- $33,129.02 in interest at a rate of 9% per annum for the time period of February 2005 through December 2006 as well as $15,773.59 in interest at a rate of 9% per annum for the period of time from January 2007 through September 2008, for a total of **$48,902.61** in interest;

- $445.00 in legal costs, $1,440.00 in attorneys' fees, and $6,554.94 in auditing costs, for a total of **$8,439.94** in costs and attorneys' fees.

Therefore, pursuant to the terms of the Restated Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2), the Court shall award the Fund a monetary judgment in the amount of **$221,848.89**.

### IV.  CONCLUSION

For the reasons set forth above, the Court shall GRANT Plaintiff's [8] Motion for Default Judgment and shall enter a judgment for Plaintiff in the amount of $221,848.89.  An appropriate order accompanies this memorandum opinion.

Date: April 20, 2009

                                                                _/s/_
                                                                COLLEEN KOLLAR-KOTELLY
                                                                United States District Judge